IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                          RESPONDENT

v.                            Crim. No. 6:91-CR-60022
                              Civil No. 6:07-CV-6027

MICHAEL JEROME FEGANS                                                                                  MOVANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed herein by MICHAEL JEROME FEGANS, (hereinafter referred to as "Movant") an inmate currently confined in the Federal Bureau of Prisons ("BOP").[1] (Doc. No. 111).[2] The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A. Procedural History**

**1. Factual Background**:

Movant was arrested by Arkansas law enforcement officials on July 1, 1991. He was indicted by a Federal Grand Jury for bank robbery on July 30, 1991, and pursuant to a writ of *Habeas Corpus ad prosequendum*, he was transferred to Federal custody for prosecution. Attorney Dan Becker was appointed to represent Movant in the federal bank robbery case. On September 18, 1991, he pled

---

[1] Movant also filed an "Supplement to Petition for Habeas Corpus Relief" on November 8, 2007. While this supplement was filed in Civil Action No. 6:07-CV-6027, rather than Criminal Action No. 6:91-CR-60022, the Court has reviewed and considered the assertions contained in the supplement. The supplement directs the Court to the opinion of the Eighth Circuit Court of Appeals in *Fegans v. United States*, No. 06-2920, _____ F.3d _____, 2007 WL 3287073, at *1 (8th Cir. Nov. 8, 2007), discussed infra at page 5-6. Movant properly filed the supplement in criminal Action No. 6:91-CR-60022 on December 17, 2007.

[2] Documents from the Court's file are referred to by docket number and referenced "(Doc. No. __)."

guilty to bank robbery.   On November 8, 1991, United States District Judge Orin Harris entered judgment sentencing Movant to 125 months imprisonment. The Judgment was silent as to whether the sentence imposed was to be served concurrent or consecutive to any state court sentence. Shortly after sentencing in the federal criminal case, Movant was returned to the custody of the State of Arkansas.

On December 12, 1991, Movant pled guilty to state charges unrelated to the federal bank robbery prosecution.  He was sentenced to 18 years confinement in the Arkansas Department of Corrections (ADC) as a result of his guilty plea to the state charges.   A federal sentence detainer was placed on Movant when he began service of the 18 year state sentence, directing the U.S. Marshal to take custody of Movant upon completion of his state sentence.  Movant served out his state court sentence and on May 3, 2006, he was transferred to federal custody to begin service of the 125 month sentence imposed on November 8, 1991.  He is currently incarcerated at the Federal Correctional Institution in Beaumont, Texas.  Movant alleges he was promised, by both state and federal prosecutors, that his federal sentence would be served concurrently with his state sentence.

   **2.  Petition filed with the Bureau of Prisons**[3]:

Movant states he received notice from the Federal Bureau of Prisons (BOP) in November 1997 that he was not receiving any credit toward the service of his federal sentence while he was incarcerated in the ADC.  On or about December 30, 1999, he filed a petition with the BOP requesting the ADC facility where he was being confined be designated *nunc pro tunc* as the place of confinement for his federal sentence.  On July 5, 2000, Movant received a letter from the BOP

---

[3]The information regarding Movant's attempt to obtain *nunc pro tunc* designation from the BOP is taken from his Memorandum of Law in Support of Petition for Writ of *Coram Nobis*. (Doc. No.31).

denying his request for *nunc pro tunc* designation.

### 3. Petition for Writ of Error *Coram Nobis*[4]:

On April 23, 2001, Movant filed a Petition for Writ of Error *Coram Nobis* in this Court. (Doc. No. 30). In that petition, and accompanying filings, he stated that he was informed in 1997 that the time he was serving in ADC was not being credited toward the service of his 125 month federal sentence. (Doc. No. 32). Essentially, Movant alleged two points in the April 2001 Petition for Writ of Error *Coram Nobis*:

> a. The Assistant United States Attorney assigned to his case failed to uphold the promise of concurrent sentences; and
>
> b. The Assistant United States Attorney assigned to his case abused his discretion by presenting evidence of Movant's failure to accept responsibility for his conduct, resulting a failure of the court to grant a two-point reduction in his offense level.[5]

In his Report and Recommendation regarding the Petition For Writ of Error *Coram Nobis,* Judge Shepherd found "the record before the Court, including the facts asserted by [Movant] in his filings, clearly establishes that his key factual contentions are without merit and that there was no plea agreement [promising concurrent sentences]." Judge Shepherd recommended dismissal of the Petition for Writ of *Coram Nobis*, without prejudice to the right of Movant to challenge, through a petition for *Habeas Corpus* pursuant to 28 U.S.C. § 2241, the BOP's failure to designate the state prison *nunc pro tunc* as the place of confinement for the federal sentence. (Doc. No.73). United States District Judge Robert Dawson, adopted the Report and Recommendation and dismissed the

---

[4] The proceedings related to the Petition for Writ of Error *Coram Nobis* are set out in the Report and Recommendations of U.S. Magistrate Judge Bobby Shepherd and will be repeated here only to the extent necessary to discuss the pending Motion to Vacate, Set Aside or Correct Sentence. (Doc. No. 47 and 73).

[5] Movant filed a notice of appeal on this point following his conviction, but the appeal was subsequently dismissed by Movant's own motion. (Doc. No. 28).

Petition for Writ of Error *Coram Nobis*. (Doc. No.77). Movant appealed this dismissal, and the United States Court of Appeals for the Eighth Circuit affirmed the dismissal on July 24, 2003. (Doc. No. 90). The Court of Appeals also directed this Court to allow Movant to file an amended petition seeking relief pursuant to 28 U.S.C. § 2241 regarding the failure of the BOP to designate the state prison as his place of confinement for the federal sentence.

    **4. Petition for Writ of *Habeas Corpus*:**

Pursuant to the directive of the Eighth Circuit Court of Appeals, this Court allowed Movant to file a petition for writ of *Habeas Corpus* pursuant to § 2241. On October 23, 2003, Movant filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255, and a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241, challenging the failure of the BOP to grant *nunc pro tunc* designation to Movant's state confinement as the place of serving his federal sentence. Judge Shepherd issued a Report and Recommendation on December 29, 2003, recommending dismissal of the § 2255 motion to vacate because the claims made in that motion had been "addressed and adjudicated" in the prior proceeding for writ of error *coram nobis*, and because "any effort to pursue a § 2255 motion would exceed the authority granted to him under the judgement of the appellate court." The Report and Recommendation also recommended dismissal of the § 2241 petition for writ of *Habeas Corpus*, unless Movant substituted the proper respondent and moved to the transfer the case to the district where he was currently incarcerated. (Doc. No. 101). Movant thereafter amended his petition and moved to transfer the case to the Eastern District of Arkansas. Judge Dawson adopted the Report and Recommendation and granted the motion to transfer to the Eastern District of Arkansas on February 27, 2004. (Doc. No. 108).

5. **Proceedings in the Eastern District of Arkansas**[6]:

Movant's case was transferred to the Eastern District of Arkansas on April 2, 2004. Movant filed three separate pleadings in the E.D. Arkansas, the original Petition for Writ of *Habeas Corpus*, an amended Petition for Writ of *Habeas Corpus* and a Second Amended Petition for Writ of *Habeas Corpus*. From these three pleadings, the court identified three distinct claims for *habeas* relief: (1) the BOP acted arbitrarily and capriciously in denying the *nunc pro tunc* designation; (2) the United States Marshal acted without authority and in violation of the District Court's original Judgment and Commitment Order in returning Movant to state custody in 1991; and (3) Movant's sentence should be vacated under the United States Supreme Court's rulings in *Booker* and *Blakely*. United States Magistrate Judge Thomas Ray issued a Report and Recommendation on May 16, 2006, recommending that the District Court deny all requested relief and dismiss the three petitions with prejudice. United States District Judge Susan Weber Wright adopted the Report and Recommendation on July 11, 2006, and dismissed the petitions.

Movant appealed the decision of the District Court, raising the issue of the BOP's abuse of discretion in failing to grant a *nunc pro tunc* designation as to his state confinement. On November 8, 2007, the United States Court of Appeals for the Eighth Circuit affirmed the District Court's denial of Movant's peitions. *See Fegans v. United States*, No. 06-2920, _____ F.3d _____, 2007 WL 3287073, at *1 (8th Cir. Nov. 8, 2007). Specifically, the Court of Appeals held as follows:

**Having found no evidence the federal court intended concurrent sentences**, the

---

[6]The proceedings in the Eastern District of Arkansas are set out in the Report and Recommendation of U.S. Magistrate Judge Thomas Ray and will be repeated here only to the extent necessary to discuss the pending Motion to Vacate, Set Aside or Correct Sentence. *See Michael Fegans v. United States*, No. 4:04CV00335, Report and Recommendation, Doc. No. 31 (E.D. Arkansas 2006).

> BOP turned to the other factor to be considered under Program Statement 5160.03, "the goals of the criminal justice system." The agency reviewed Fegans's "extensive and serious criminal history," including an attempted escape in 1991 that resulted in an additional eight-year consecutive state sentence, and concluded "it was not in the interest of the criminal justice system to grant ... a *nunc pro tunc* designation." We review this BOP decision for abuse of the agency's substantial discretion under 18 U.S.C. § 3621. Here, the BOP carefully considered the relevant factors and acted in accordance with the Program Statement.

(emphasis added)(citations omitted). The Court of Appeals also refused to remand the case to the Eastern District of Arkansas to allow Movant to reopen his motion seeking relief pursuant to § 2255, noting the instant Motion was already pending in this Court.

**6. Current Motion to Vacate, Set Aside or Correct Sentence**:

Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on April 30, 2007. He asserts that he has "been in federal custody only since May 3, 2006," and was thus ineligible for § 2255 relief until that date. Movant asserts his § 2255 motion is timely. In this Motion to Vacate, Set Aside or Correct Sentence, he asserts ineffective assistance of counsel, by appointed counsel Dan Becker, during the 1991 criminal proceeding in the following particulars:

> a. Movant was misinformed about the ability of the State Court to run a subsequent sentence concurrently with the Federal Court while he, Movant, was in State custody at the time of the Federal Sentencing.
>
> b. A well informed attorney would have known and have conveyed to his or her client that the State courts of Arkansas had no power to bind the Federal District court by any act subsequent to Federal sentencing and would have tried to postpone Federal sentencing until the picture was clear as to what the State sentence would be.
>
> c. Counsel undertook no conversation on the record to clarify whether or not the sentencing judge made a finding of the subsequent state sentence to run concurrently.
>
> d. There was a policy that plea negotiations be reduced to writing, according to the

    U.S. Attorney for the Western District of Arkansas. Mr. Becker took no steps to reduce the assertions of the AUSA regarding concurrent running of the sentences to writing and the AUSA has no independent memory of such negotiations.

    e. The recording from the sentencing judge's microphone is largely inaudible but has been enhanced to the point that the words "run concurrently" and "sentence" may be heard through the background, thus indicating that the AUSA's memory was faulty as to the topic of discussion. Mr. Becker took no steps to clarify this matter before the death of the sentencing judge.

    f. In the case of *Hendrix v. Norris*, 81 F3d 805(8th Cir 1996) the exact same mistake was made involving the exact same cast of characters one month after Petitioner was sentenced. The case was remanded because habeas relief was not available on the Federal sentence; however, the Eighth Circuit believed that error coram nobis relief would lie. At bare minimum, when the decision in Hendrix came down, there was a duty on the part of Petitioner's previous counsel to revisit his sentencing and thereby raise the issue.

While they are couched in terms of ineffective assistance of counsel, the issues raised in the pending Motion are the same issues previously raised by Petition for *Nunc Pro Tunc* Designation with the BOP, by the Petition for Writ of *Coram Nobis* filed in this Court in 2001, by Judge Shepherd's dismissal of his previous § 2255 Motion and by the Petition for Writ of *Habeas Corpus* adjudicated in the E.D. Arkansas. Movant again asserts that he was deprived of the benefit of an alleged 1991 plea bargain agreement with state and federal prosecutors that his as then yet to be imposed federal sentence would run concurrently with his also yet to be imposed state sentence.

The Respondent asserts the Petition should be dismissed because (1) this Court lacks jurisdiction, (2) the Petitioner has not received authorization from the Eighth Circuit to file a second or successive § 2255 motion, and (3) the petition is untimely. The Respondent also asserted the Petitioner made substantively identical claims in his brief to the Eighth circuit regarding the limitations period during the appeal from the dismissal of his *habeas corpus* petition by the United

States District Court for the Eastern District of Arkansas.

## B. Discussion

1. **Section 2255 Motion Generally**:

As a preliminary matter, it should be noted that a motion pursuant to 28 U.S. C. § 2255 is fundamentally different from a direct appeal.  The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255.  *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005).   Section 2255 provides that a prisoner "in custody under sentence" of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence."  The statute states four grounds upon which such relief may be claimed:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States,"
>
> (2) "that the court was without jurisdiction to impose such sentence;"
>
> (3) "that the sentence was in excess of the maximum authorized by law;" and
>
> (4) that the sentence "is otherwise subject to collateral attack."

The statute also provides for a one-year limitations period for filing any such motion.  That one-year limitation period shall run from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have

been discovered through the exercise of due diligence.

Further, § 2255 provides that any second or successive motion to correct sentence must be certified by the appropriate Federal Court of Appeals prior to filing in the district court.

**2. One-year Statute of Limitations**:

Prior to enactment of the AEDPA, federal prisoners could collaterally attack their convictions using § 2255 "at any time." *See* 28 U.S.C. § 2255 (1994). The AEDPA changed that right overnight, limiting the time period for filing § 2255 motions to one year from various triggering events. The AEDPA had an effective date of April 24, 1996. Here, Movant's conviction was in 1991. Prior to the enactment of the AEDPA, he had an unlimited time in which to file a motion pursuant to § 2255. Following the enactment of the AEDPA, Movant had one year in which to seek relief pursuant to § 2255, or until April 24, 1997, unless there was some intervening fact or circumstance acting to extend this one-year period. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

Movant asserts he was in custody of the State of Arkansas from the date of his conviction in 1991 until May 2006 when he began service of his federal sentence. Because of his state incarceration, he claims he was not "in custody" as required by § 2255 and thus not able to bring the instant motion prior to May 2006. Movant argues the one-year limitation period did not began to run as to his federal sentence until May 2006, when he physically began to serve his federal sentence. The Respondent asserts that the "in custody" requirement of § 2255 does not require actual physical custody of the movant.

The United States Supreme Court has addressed this issue for purposes of a petition for writ

of *habeas corpus* filed pursuant to § 2241.  In *Peyton v. Rowe*, 391 U.S. 54, 67 (1968), the Supreme Court held that a "prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of § 2241(c)(3)."  The Eighth Circuit has expanded the rule in *Peyton* to include § 2255 motions.  *See Jackson v. United States,* 423 F.2d 1146, 1149 (8th Cir. 1970).  "'Custody' under *Peyton v. Rowe*, *supra*, relates to a petitioner's 'status for the entire duration of (his) imprisonment.' Under these circumstances, we think the petitioner, a state prisoner, may challenge his federal sentence although he has not yet commenced to serve that sentence." *Id. See also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir.1994);  and *United States v. Simmons*, 437 F.2d 156, 158-159 (5th Cir.1971) (explaining that "§ 2255 is available to a prisoner in state custody attacking a [consecutive] federal sentence").  Consequently, a prisoner in state custody may bring a § 2255 petition challenging a federal sentence imposed consecutive to his state sentence.

Further, the rules governing § 2255 cases make specific provision for a person in state custody utilizing § 2255 to attack a yet-to-be served federal sentence.  Rule 1 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part:

> **Rule 1. Scope**
> These rules govern a motion filed in a United States district court under 28 U.S.C. § 2255 by:
>
> **(b) <u>a person in custody under a judgment of a state court or another federal court, and subject to future custody under a judgment of the district court</u>** . . .

(emphasis added).

Here, Movant was convicted and sentenced in this Court in 1991.  Following the effective date of the AEDPA in April 1996, he had until April 24, 1997, in which to seek relief pursuant to § 2255.  He has offered no impediment to his seeking relief other than the fact that he was serving

-10-

an undischarged state sentence until May 2006. None of the tolling provisions of § 2255 apply under these circumstances. He has not alleged equitable tolling, and nothing in the record suggests that equitable tolling is appropriate here. It is clear that a prisoner in state custody with an undischarged federal sentence may utilize § 2255 to attack the federal sentence. *See Jackson*, 423 F.2d at 1149. Movant failed to file his motion pursuant to § 2255 until April 2007, some ten years after the expiration of the one-year statute of limitations applicable to his case. The Motion to Vacate, Set Aside or Correct Sentence in this case should be dismissed as untimely.

**3. Successive Motion**:

The Respondent also asserts that the instant Motion should be dismissed as a second or successive motion. As noted above, prior to filing a second or successive motion pursuant to § 2255 a movant must obtain authorization from the appropriate federal court of appeals. Section 2255 provides in part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In this case, Movant filed his initial Petition for Writ of Error *Coram Nobis* on April 23, 2001. He later filed a Motion to Vacate, Set Aside or Correct Sentence and Petition for *Habeas Corpus* relief on October 23, 2003. Both of these pleadings raised the same issues raised in the instant Motion. Both were ultimately considered by this court and denied. In both instances, the

Eighth Circuit Court of Appeals affirmed the denial of relief.  The October 23, 2003 Motion was specifically filed pursuant to § 2255.   Movant has not requested or obtained authorization from the Eighth Circuit to file a second or successive § 2255 motion.   Therefore, because the Eighth Circuit has not approved an application by Movant to file a successive § 2255 motion, this court lacks the power and authority to entertain defendant's § 2255 motion and his Motion should be dismissed.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant petition be denied and dismissed.[7]  Further, pursuant to 28 U.S.C. §1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **18th day of December, 2007.**

                                            /s/ Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE

---

[7] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316 (8th Cir.1984).